On an appeal from a decree of the Superior Court of Chancery for the Richmond District, pronounced in May, 1802, reversing a decree of the Hustings Court of the City of Richmond.
Purcell filed a bill in the latter Court against Nice, stating that he had sold to him a horse for 120 dollars, and received in part payment, certain soldier’s claims for military services, to the amount of 102 dollars, which Nice assured him he was entitled to, and that, on application at the war-office, the money would be as punctually paid as on bank notes; that, if the money was not paid from any cause whatever, Nice was to pay that sum on application, or return the horse; that, on application at the war-office, he found that neither he nor Nice himself could draw the certificates for want of proper authority from the original claimants; that Nice refused to comply with his engagement, and the subject in controversy having been referred to arbitrators, they made a report, but no final decision, only enjoining Nice to use his endeavours to procure from the original claimants, proper transfers: that Nice had *used no exertion to procure such transfers; that, at the time of reference, the parties placed twenty dollars each in the hands of the referees to compel a performance; but that either party might vacate the award by forfeiting the twenty dollars; that the arbitrators, not consider ^ ing the award final, recommended that each party should receive back his own money, and, with that view, laid it on the table; but Nice took possession of the whole of it, in opposition to the opinions of the arbitrators. The bill prays for a discovery and for general relief.
The answer of Nice stated the contract differently from that set forth in the bill. It represented that Purcell proposed that he should assign the certificates to him, but he expressly refused. He admits, however, that he did tell Purcell he believed they would be paid; and it is possible, he did. say they would be paid as promptly as bank notes; but this was founded entirely on the information he received from others; that he was not to be answerable for the certificates in any event, unless it should appear that they were forged or counterfeited, or that there was not as much money due on them as was expressed on their face; and that Purcell, after inquiry, was satisfied to take them on the terms proposed.
The award of the arbitrators (which was filed among the exhibits) appeared not to be final, but only recommendatory as stated in the bill.
The answer was supported by the deposition of one witness, and the allegations of the bill by the depositions of two; besides which, there was other conflicting testimony in the cause.
On a hearing, the Court of Hustings dismissed the bill; from which an appeal was taken to the High Court of Chancery.
• The Chancellor being of opinion that the evidence supporting the bill outweighed that supporting the answer, and moreover, that the award being void, Nice had no' right to detain the deposit of twenty dollars, placed in the hands of the arbitrators by Purcell, reversed the decree of the Court of Hustings, and directed that Nice should paj' to Purcell the amount of the value of the certificates, together with the twenty dollars which had been deposited with the arbitrators, and taken by Nice as a forfeiture for not performing the award. Prom which decree an appeal was prayed to this Court.
*Randolph, for the appellant, contended that the deposition of a witness going to support the answer of the defendant, which expressly denied the allegations of the bill, was decisive of the question, and shewed that the complainant had no ground of equity. But, even admitting the evidence to be equal, yet as it is contradictory, he submitted it to the Court, whether the Chancellor ought not to have directed an issue.
Warden, for the appellee, insisted that, as the appellant bad not procured the transfers of the original claimants to the certificates, which, under the act of Congress, could be done only by the parties themselves, the consideration on which the contract was founded had failed, and the appellee was entitled either to his property, orto money in lieu of the certificates ; but that when the decree was pronounced, money only could be decreed by the Chancellor. *172 He admitted the evidence was contradictor; but contended that the Chancellor had correctly determined the weight of it to be with the appellee. The Chancellor must have a conscience of his own. Doubting as to the wieght of evidence, he may direct an issue; but, if his conscience be satisfied, there is no necessity; for no law requires it.
Curia advisare vult.
Wednesday, July 8. By the Court, (consisting of all the Judges,) the decree of the Chancellor, reversing that of the Court of Hustings, was unanimously affirmed.